# EXHIBIT A

***RODDEN RODDEN & BRESLIN***
**BY: ANDREW J. VAN WAGNER, ESQUIRE**
**I.D. #: 309486**
125 NORTH 20TH STREET
PHILADELPHIA, PA 19103
TELEPHONE: 215-940-2155

***MAJOR JURY***

Filed and Attested by the
Office of Judicial Records
21 MAY 2025 04:04 pm
B. BALILONIS

**ATTORNEY FOR PLAINTIFFS**

| | | |
|---|---|---|
| Lonnie Washington | : | COURT OF COMMON PLEAS |
| 1939 Morris Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19145 | : | |
| -Vs.- | : | April Term, 2025 |
| Lyft, Inc. | : | No. |
| 185 Berry Street, Suite 5000 | : | |
| San Francisco, CA 94105 | : | |
| -And- | : | |
| John Ikeocha | : | |
| 1111 E Founds Street | : | |
| Townsend, DE 19734 | : | |

# CIVIL ACTION COMPLAINT
## 2V – MOTOR VEHICLE ACCIDENT

***NOTICE***

**You have been sued in court**. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fall to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GEL LEGAL HELP.**

Lawyers Reference Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

***AVISO***

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) oti de piazo al partir de la fecha de la demanda y las otificación. Hace falta asentar una otificación escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea continuar la demanda en contra suya sin previo aviso o otificación. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUMENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Servicio de Referencia Legal
Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY (215) 451-6197

**COMPLAINT**

1. Plaintiff, Lonnie Washington, is an adult individual who resides at the captioned above address and, at all times material hereto, was a bicyclist involved in the collision hereinafter described.

2. Defendant, Lyft, Inc., is a business for profit which offers ride sharing and peer to peer transportation services via cell phone applications which is registered as a foreign corporation in the Commonwealth of Pennsylvania and has a principal place of business at the above captioned address.

3. At all times relevant hereto Defendant, John Ikeocha, was an employee, contractor, and/or agent of Defendant, Lyft, Inc., and was acting in the course and scope of his employment.

4. On or about November 17, 2023, Plaintiff was lawfully operating his bicycle at or near the intersection of N. 18th Street and French Street in Philadelphia, PA, when suddenly and without warning, Defendant, John Ikeocha, and/or his customer opened a car door into Plaintiff's path, causing a collision to occur and struck the Plaintiff.

5. As a result of being struck while on his bicycle, Plaintiff flew over his handle bars and landed on the road causing him to sustain serious, severe, and permanent injuries hereinafter described.

6. The aforesaid collision, resulting injuries, and damages were caused solely by the negligence and carelessness of Defendants, individually, jointly, and/or severally, and was in no manner caused by any act or failure to act on the part of Plaintiff.

**COUNT I – NEGLIGENCE**
**PLAINTIFF, LONNIE WASHINGTON vs. DEFENDANT, JOHN IKEOCHA**

7. The collision was caused solely by the negligence and carelessness of Defendants, including Defendant, John Ikeocha, and consisted of but was not necessarily limited to the following:

(a) Failing to keep a proper lookout;

(b) Failing to have said motor vehicle in proper and adequate control at all times;

(c) Operating said motor vehicle in a careless manner, without regard to the rights and safety of those lawfully upon the road;

(d) Failing to exercise due and proper care;

(e) Failing to advise his customer of Plaintiff approaching his vehicle;

(f) Failing to make proper observations before opening his vehicle door;

(g) Failing to make proper observations before allowing his customer to open his vehicle door;

(h) Failing to yield to bicyclists lawfully upon the road;

(i) Allowing a vehicle door to be opened into the path of oncoming bicyclists, like Plaintiff;

(j) Failing to yield the right of way;

(k) Violating the various ordinances of the Statutes of the Commonwealth of PA pertaining to the proper operating of motor vehicles on public highways; and

(l) Being otherwise negligent under the circumstances.

8. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame, and prostrate and has sustained multiple injuries to his head, face, neck, back, spine,

left shoulder, broken ribs, and left leg with radiating pain and numbness in his extremities; resulting in a injuries to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions.

9. Plaintiff alleges that all of the aforesaid injuries are serious and/or permanent in nature and were a result of a permanent impairment of a bodily function, as defined in 42 Pa. C.S.A. 8553(c)(ii). Plaintiff also makes a claim hereinafter for injuries, damages or consequences of which he has no present knowledge.

10. As a direct and reasonable result of the aforementioned collision and the negligence of Defendants, Plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries he has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

11. As a direct and reasonable result of the aforementioned collision and the negligence of Defendants, Plaintiff has or may suffer a loss of his earnings, and impairment of earning capacity or power for which a claim is hereby made.

12. As a direct and reasonable result of the aforementioned collision and the negligence of Defendants, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which plaintiff may otherwise be entitled to recover under contract, or in accordance with the Law.

13. As a direct and reasonable result of the aforementioned collision and the negligence of Defendants, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish, and humiliation, and has been

and may in the future be hindered from attending to his daily duties, functions, avocations and occupations all to plaintiff's great damage and loss.

**WHEREFORE**, Plaintiff, Lonnie Washington, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT II – NEGLIGENT HIRING, RETENTION, TRAINING & SUPERVISION**
**PLAINTIFF, LONNIE WASHINGTON v. DEFENDANT, LYFT, INC.**

14. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

15. Defendant Lyft, Inc., as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a motor vehicle in the Commonwealth of Pennsylvania.

16. At all times herein mentioned, Defendant, John Ikeocha, was acting as the agent, servant and/or employee of Defendant, Lyft, Inc., and therefore, Defendant, John Ikeocha, acts were attributable to Defendant Lyft, Inc.

17. Defendant, Lyft, Inc.'s, actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant, John Ikeocha, constitutes reckless and wanton conduct, entitling Plaintiff to seek punitive damages.

18. Defendant, Lyft, Inc., caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;

(b) Failing to exercise proper care and/or supervision over and/or establish proper



Case ID: 250502772

monitoring and supervision policies for their employees and/or agents;

(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;

(d) Failing to implement and/or enact policies and procedures against inattentive driving;

(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;

(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees;

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road;

(l) Failing to implement and/or enact policies and procedures against opening vehicle doors into the path of bicyclists.

**WHEREFORE**, Plaintiff, Lonnie Washington, demands judgment against all Defendants, individually, jointly, and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT III – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, LONNIE WASHINGTON v. DEFENDANT, LYFT, INC.**

19. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

20. The negligence, recklessness, and/or carelessness of Defendant, Lyft, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consist of, but not limited to the following:

(a) Permitting Defendant, John Ikeocha, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

(b) Permitting Defendant, John Ikeocha, to operate the motor vehicle when Defendant knew, or in the exercise of due care and diligence, should have known that Defendant, John Ikeocha, was capable of committing the acts of negligence set forth above;

(c) Failing to properly screen, hire, employ, train, retain and/or supervise Defendant, John Ikeocha;

(d) Negligently entrusting Defendant, John Ikeocha, to drive the motor vehicle;

(e) Failing to warn those persons, including Plaintiff, that Defendant, Lyft Inc., knew, or in the existence of due care and diligence should have known that Plaintiff would be exposed to Defendant, John Ikeocha's, negligent operation of the motor vehicle.

21. At all times relevant hereto, Defendant, Lyft Inc., knew or should have known that Defendant, John Ikeocha, was careless and/or reckless driver and/or should not have been behind the wheel of a vehicle, but failed to take reasonable steps to protect others, including Plaintiff, from serious bodily injury.

22. As a direct and proximate result of the aforesaid negligence of Defendant, Lyft Inc., Plaintiff has suffered serious, severe, and permanent injuries to his body, as set forth previously herein.

23. As a direct and proximate result of the aforesaid negligence of Defendant, Lyft Inc., Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Lonnie Washington, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT IV – VICARIOUS LIABILITY**
**PLAINTIFF, LONNIE WASHINGTON v. DEFENDANT, LYFT, INC.**

24. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

25. Defendant, Lyft Inc., is vicariously liable for the actions of its agent, servant, workman, contractor, and/or employee Defendant, John Ikeocha, who at all times relevant acted within the course and scope of his authority and on the Defendant's behalf.

26. Defendant, Lyft Inc., is liable for the negligent conduct of its driver/employee, Defendant, John Ikeocha, under the doctrine of respondeat superior because of his conduct as aforesaid was done with the intent of furthering Defendant's business.

27. As a direct and proximate result of the aforesaid negligence of Defendant, Lyft Inc., Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

28. As a direct and proximate result of the aforesaid negligence of Defendant, Lyft Inc., Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Lonnie Washington, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

***RODDEN RODDEN & BRESLIN***

BY: ______________________________
Andrew J. Van Wagner, Esquire
Attorney for Plaintiff

Dated: May 21, 2025



Case ID: 250502772

**VERIFICATION**

The undersigned, subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities, hereby verifies and states that they are a Plaintiff herein, and that the facts set forth in the foregoing document are true and correct to the best of their knowledge, information and belief.

LONNIE WASHINGTON

Dated: May 21, 2025